Chris Joshlyn HOLMES *v.* STATE of Arkansas

CA CR 85-19                                    690 S.W.2d 738

Court of Appeals of Arkansas
Division I
Opinion delivered June 12, 1985

*William R. Simpson, Jr.*, Public Defender, by: *Arthur L. Allen*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Chris Joshlyn Holmes appeals from his conviction in a trial without a jury of the crime of third degree battery for which he was sentenced to a term of sixty days in the county jail and was fined $100 and costs. He argues that the evidence was insufficient to support the conviction. We do not agree.

Ark. Stat. Ann. § 41-1603(1)(a) (Repl. 1977) defines the offense as follows:

A person commits battery in the third degree if, with the purpose of causing physical injury to another person, he causes physical injury to any person.

"Physical injury" is defined as the impairment of physical condition or the infliction of substantial pain. Ark. Stat. Ann. § 41-115(14) (Repl. 1977).

In our review of criminal convictions by a court sitting without a jury we view the evidence and all permissible inferences to be drawn from it in the light most favorable to the State and will affirm only if there is no substantial evidence to support the conviction. Viewed in that light, the evidence discloses that Randy Taylor, a ten year old child, went next door to borrow an iron. When he entered the house the appellant, a much older person, jumped out from where he had been hiding, grabbed Taylor and threw him to the floor threatening to tear out his tongue and calling him obscene names. He grabbed him in the mouth and around the neck and began choking him. According to Taylor this affray lasted from five to ten minutes. Taylor's mother testified that she observed the attack. She said the appellant grabbed the child by the throat, choked him, pulled at his tongue and threw him down. She heard him call him obscene names. Taylor testified that he did not bleed, had not been cut and, although it hurt while the man was attacking him, it did not hurt after it was over. The appellant argues that this evidence could not support a finding of substantial pain as required by the statute.

We agree that the code does not define substantial pain clearly and there is no body of law dealing with that definition clearly. It is clear from the cases and the statute itself that the penalty for battery is determined by the severity of the attack. Battery in the first degree comprehends life endangering conduct, second degree battery comprises conduct resulting in serious physical injury, and third degree battery requires the infliction of substantial pain or impairment of physical condition.

The fact that the victim in this case did not verbally relate the extent of his pain and anguish is not controlling. Pain is a subjective matter and difficult to measure from testimony. The pulling of one's arm with tremendous force might inflict no pain at all. The pulling of a person's tongue is quite likely to result in

substantial pain even though it subsides rapidly. In most cases questions and answers about pain caused by an injury are "unnecessary attempts at proof of facts known by everyone who understands the extent of the injuries." *Scott-Burr Stores Corp. v. Foster*, 197 Ark. 232, 122 S.W.2d 165 (1938). In determining whether an injury inflicts substantial pain the trier of fact must consider all of the testimony and may consider the severity of the attack and the sensitivity of the area of the body to which the injury is inflicted. The finder of fact is not required to set aside its common knowledge and may consider the evidence in the light of its observations and experiences in the affairs of life.

In this case where the attack was as described by the victim and his mother the trier of fact could determine from the sensitive nature of the nerves in the tongue, mouth and throat that the victim did suffer substantial pain as a result of it.

Affirmed.

COOPER and CORBIN, JJ., agree.