Ronnie HAYES a/k/a Ronnie Haynes *v.* STATE of Arkansas

CR 92-1163                                     846 S.W.2d 182

Supreme Court of Arkansas
Opinion delivered February 1, 1993

*William R. Simpson, Jr.*, Public Defender, by: *Thomas B. Devine III*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Ronnie Hayes a/k/a Ronnie Haynes, appeals from convictions for aggravated robbery and theft of property. His appeal is premised on two grounds: the unreliability of a photo lineup at police headquarters which, he contends, tainted an in-court identification at trial, and the failure of the trial court to reduce the theft charge to a misdemeanor on the basis of the amount proven. We hold that neither point has merit, and we affirm.

On May 5, 1991, a person later identified as Haynes entered a Pizza Inn in Little Rock and went to the back of the restaurant with a drawn gun. The manager asked if he could help him, and the man, clad in gray shorts and a gray flannel sweatshirt, announced, "This is a robbery." He then told Tim Moore, an employee, to open the cash register. When he was unable to do so, a manager trainee, William Blankenship, came over to the register and opened it. The room was illuminated with fluorescent lighting, which allowed both Moore and Blankenship to see the robber's uncovered face for several minutes. Blankenship later testified that approximately $200 to $300 was taken.

Four days later on May 9, 1991, Blankenship saw the person who robbed the restaurant on television and said he became "unglued." He telephoned the Little Rock Police Department and disclosed the fact that the person on television had been the robber. The following day, May 10, 1991, Blankenship went to

police headquarters and viewed a photo spread, from which Blankenship identified Haynes as the culprit. The next day, on May 11, 1991, Moore also viewed a photo lineup and identified Haynes as the man who had robbed the restaurant.

Haynes was charged with aggravated robbery and theft of property and later on was charged as an habitual offender. Subsequently, he moved to suppress any in-court identification by witnesses who had previously identified him "by the use of impermissibly suggestive photo spreads and lineups." The motion was denied. When it was renewed at trial, together with a motion to reduce the theft of property charge to a misdemeanor, the trial court denied both motions.

At the ensuing jury trial, both Moore and Blankenship identified Haynes as the robber. Haynes was convicted of aggravated robbery and theft of property and was sentenced, as an habitual offender, to concurrent sentences of life (aggravated robbery) and twenty years (theft of property).

▮ Haynes first contends that the trial court erred in failing to suppress the photo spread identifications by witnesses Tim Moore and William Blankenship, which, according to his theory, impermissibly tainted the in-court identifications. We have held that we will not reverse a trial court's ruling on the admissibility of an in-court identification unless that ruling is clearly erroneous under the totality of the circumstances. *Dixon* v. *State*, 310 Ark. 460, 839 S.W.2d 173 (1992). In determining whether an in-court identification is admissible, the court looks first at whether the pretrial identification procedure was unnecessarily suggestive or otherwise constitutionally suspect. *Van Pelt* v. *State*, 306 Ark. 624, 816 S.W.2d 607 (1991). It is the appellant's burden to show that the pretrial identification procedure was suspect. *Id.*

▮ Reliability is the linchpin in determining the admissibility of identification testimony. *Dixon* v. *State, supra.* We do not inject ourselves into the process of determining reliability unless there is a very substantial likelihood of irreparable misidentification. *Bishop* v. *State*, 310 Ark. 479, 839 S.W.2d 6 (1992). The following factors are considered in determining reliability: (1) the prior opportunity of the witness to observe the alleged act; (2) the accuracy of the prior description of the accused; (3) any identification of another person prior to the

pretrial identification procedure; (4) the level of certainty demonstrated at the confrontation; (5) the failure of the witness to identify the defendant on a prior occasion; and (6) the lapse of time between the alleged act and the pretrial identification procedure. *Van Pelt* v. *State, supra; Bowden* v. *State*, 297 Ark. 160, 761 S.W.2d 148 (1988). Even if the technique is impermissibly suggestive, testimony concerning the identification is admissible if the identification is reliable. *Bishop* v. *State, supra*. Finally, the credibility of identification testimony is for the jury to decide. *Dixon* v. *State, supra.*

Haynes argues that Moore's identification was unreliable because he did not give the police a description of the robber immediately after the crime and could not estimate how much time elapsed during the robbery. The appellant also points to an apparent inconsistency in Moore's testimony and the testimony of a police officer concerning a second officer's presence during Moore's examination of the photographs. Further, he contends that Moore's inability to describe the police officer who showed him the photographs underscores that his identification skills were lacking.

Similarly, Haynes argues that Blankenship's identification was unreliable because he became "unglued" when he saw the person he believed had robbed the restaurant on television. Then, when he viewed the photo spread at the police station, he stated that he believed that the police officer told him that the person who had been on television was also in the lineup. (The police officer involved disputed that fact.) Also, Blankenship testified that he had poor eyesight, and at a pretrial hearing, he had difficulty identifying the appellant because of his cleaner and better-groomed appearance.

■ The trial court correctly found that the identifications at the two photo lineups were reliable. Both Moore and Blankenship had the opportunity to observe the appellant, whose face was in plain view under fluorescent lights, at the time of the criminal act. Both witnesses were positive about their photo spread identifications. Indeed, Moore testified that he was able to make an identification in "a matter of seconds," and Blankenship avowed that he was certain that the person he selected from the photo lineup was the person who robbed him. No other person was

identified by the witnesses, and neither Moore nor Blankenship failed to identify the appellant on any prior occasion, although Blankenship did have some hesitancy with identification during a pretrial hearing due to Haynes's groomed, and therefore changed, appearance. Finally, less than a week passed between the criminal act and the identifications by Moore and Blankenship at the photo lineups.

■ As for the police officer's possibly informing Blankenship that the person he saw on television was included in the photo spread, the Arkansas Court of Appeals has held that for the police merely to tell a witness that a suspect is in a lineup is not absolutely impermissible. *Freeman* v. *State*, 6 Ark. App. 240, 640 S.W.2d 456 (1982); *citing U.S.* v. *Gambril*, 449 F.2d 1148 (D.C. Cir. 1971); *see also Forgy* v. *State*, 16 Ark. App. 76, 697 S.W.2d 126 (1985). A witness, reasoned the court of appeals, must realize that he would not be asked to view a lineup if a suspect was not present. *Id*. What the witness is told may be only one factor to consider in reviewing the total surrounding circumstances. *Id*. Moreover, this court has treated a similar irregularity as a credibility factor. *See Frensley* v. *State*, 291 Ark. 268, 724 S.W.2d 165 (1987). In *Frensley*, we held that a lineup was not unduly suggestive though the five victims knew a suspect was in custody when they viewed the lineup and made their identifications. That approximates the circumstances in this case where one witness said that he believed he was told the suspect would be in the photo spread.

Under the standards of *Van Pelt* v. *State, supra*, we held that the identification of the appellant at trial by both witnesses was reliable and not tainted or otherwise impermissibly affected by the prior photo lineups.

Haynes's second argument is that the evidence was insufficient to convict him of theft of property because the state offered no evidence of the value of the property stolen other than Blankenship's general estimate that "approximately two to three hundred dollars" was taken. The appellant contends that the state's felony charge for theft of property, therefore, failed due to the absence of substantial supporting evidence.

■ A motion for directed verdict, although lodged at the close of the state's case, was not made at the conclusion of

Haynes's evidence. Such a failure precludes review by this court, and we have so held repeatedly. *See, e.g., Crow* v. *State*, 306 Ark. 411, 814 S.W.2d 909 (1991); *Ferrell* v. *State*, 305 Ark. 511, 810 S.W.2d 29 (1991); *Andrews* v. *State*, 305 Ark. 262, 807 S.W.2d 917 (1991).

The record has been examined in accordance with Ark. Sup. Ct. R. 11(f), and it has been determined that there were no rulings adverse to the appellant which constituted prejudicial error.

Affirmed.