Charles Allen McGEHEE *v.* STATE of Arkansas

CR 95-368                                               937 S.W.2d 632

Supreme Court of Arkansas
Opinion delivered January 21, 1997

*William M. Howard, Jr.,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

PER CURIAM. This is the second time the State has moved to direct Appellant Charles Allen McGehee to comply with Ark. Sup. Ct. R. 4-3(h). The State first filed a motion to direct compliance with Rule 4-3(h) on October 16, 1995, and we granted the motion on November 6, 1995. The State alleges by this motion that the brief Appellant has filed, approximately one year after being ordered to do so, still does not comply with Rule 4-3(h). The State contends that Appellant has provided a list of adverse rulings, but has not abstracted the parts of the record needed for an understanding of each adverse ruling.

Appellant's response to the State's motion alleges that his brief does indeed comply with Rule 4-3(h). Given this response, and given the extensive delays that have already occurred in this case due to numerous extensions and problems with reconstructing and completing the record, *see, e.g., McGehee v. State,* 323 Ark. 704, 916 S.W.2d 756 (1996) (per curiam), *McGehee v. State,* 321

Ark. 658, 906 S.W.2d 677 (1995) (per curiam), and *McGehee v. State*, 320 Ark. 344, 896 S.W.2d 593 (1995) (per curiam), we deny the State's motion and direct the State to file a supplemental abstract in compliance with Rule 4-3(h). Our directive is consistent with the State's burden under Rule 4-3(h) to "make certain and certify that all of those objections have been abstracted[.]"

■ We deny the State's motion and direct the State to file a supplemental abstract in compliance with Rule 4-3(h). However, upon receipt and review of the supplemental abstract, we will review the abstract and determine whether to refer the matter to the Committee on Professional Conduct.