Robert Lee OWENS *v.* STATE of Arkansas

CA CR 05-161                                    215 S.W.3d 681

Court of Appeals of Arkansas
Opinion delivered October 12, 2005

William R. Simpson, Jr., Public Defender, by: Erin Vinett, Deputy Public Defender, for appellant.

Mike Beebe, Att'y Gen., by: Valerie L. Kelly, Ass't Att'y Gen., Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of Arkansas, under supervision of Darnisa Johnson, Deputy Att'y Gen. for appellee.

KAREN R. BAKER, Judge. Appellant was convicted in a jury trial of possession of a weapon by an incarcerated person in violation of Ark. Code Ann. § 5-73-131 (Repl. 1997). He was sentenced to five years in the Arkansas Department of Correction. On appeal, appellant asserts that the trial court erred in denying his motion for a directed verdict because he lacked the requisite culpable mental state. We find no error by the trial court and affirm.

While incarcerated at the Pulaski County Jail, appellant was searched by a Pulaski County sheriff's deputy and found to have an improvised weapon hidden in his sock. An officer testified at trial that the weapon — a "shank" in prison parlance — was made of wire with a cloth handle and had a very sharp point. The officer further testified that the appellant said he possessed the weapon because he was "tired of the brutality, and he had to do what he had to do, because he was tired of being moved for no reason at all." The appellant moved for a directed verdict, claiming there was a lack of evidence to show that the weapon was intended to be used for the infliction of serious physical injury. The motion was denied and the appellant was subsequently found guilty.

When a defendant makes a challenge to the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State. Engram v. State, 341 Ark. 196, 15 S.W.3d 678 (2000); Jones v. State, 336 Ark. 191, 984 S.W.2d 432 (1999); Bell v. State, 334 Ark. 285, 973 S.W.2d 806 (1998); Bailey v. State, 334 Ark. 43, 972 S.W.2d 239 (1998). It is well settled that a motion for a directed verdict is a challenge to the sufficiency of the evidence. Atkinson v. State, 347 Ark. 336, 64 S.W.3d 259 (2002); Smith v. State, 346 Ark. 48, 55 S.W.3d 251 (2001) (citing Durham v. State, 320 Ark. 689, 899 S.W.2d 470 (1995)). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Smith, supra. Substantial evidence is evidence forceful enough to

compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* Only evidence supporting the verdict will be considered. *Id.*

Appellant was charged with possession of a weapon by incarcerated persons in violation of Ark. Code Ann. § 5-73-131, which provides in relevant part:

> (a) A person commits the offense of possession or use of weapons by incarcerated persons if, without approval of custodial authority, he uses, possesses, makes, repairs, sells, or otherwise deals in any weapon, including, but not limited to, any bomb, firearm, knife, or other implement for the infliction of serious physical injury or death and which serves no common lawful purpose, while incarcerated in the Department of Correction, the Department of Community Punishment, or a county or municipal jail or detention facility.

The substance of this appeal is that there is an additional statutory element requiring the State to offer proof that a weapon seized from a prisoner was intended to be used in an offensive manner. We find this argument without merit.

■ The primary rule of statutory construction is to give effect to the intent of the legislature, construing the Statue as it reads, and giving the language its ordinary and commonly accepted meaning. *Short v. State*, 349 Ark. 492, 79 S.W.3d 313 (2002). Yet when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no reason to resort to the rules of statutory interpretation. *Id.*

■ Here, there is clearly no additional element of intent required or intended by the statute. The phrase in question — "or other implement for the infliction of serious physical injury or death and which serves no common lawful purpose" — is plainly intended to include the wide variety of objects that can be fashioned into dangerous weapons in an incarcerated setting without attempting to set them forth in an exhaustive list. Ark. Code Ann. § 5-73-131(a). A length of sharpened wire with a cloth handle is obviously a weapon that could potentially cause serious physical injury and is the sort of object intended by the catch-all phrase.

■ Both the appellant and the appellee agree that, although there is no specified culpable mental state, § 5-73-131 does not create a strict liability offense. This is correct. A defendant

charged with the crime can theoretically offer as a defense that his possession of the weapon was with the approval of the custodial authority or that it had an alternative common law purpose. Knowing possession, however, is plainly all that is necessary to violate § 5-73-131; and if a criminal statute does not indicate a culpable mental state, culpability is established if the person acts purposely, knowingly, or recklessly. Ark. Code Ann. 5-2-203(b) (Repl. 1997).

There was substantial evidence before the jury that a prohibited weapon was found hidden on the appellant's person, and an officer testified that the appellant said he was prepared to use the weapon to "do what he had to do" in response to the "brutality" and "being moved for no reason at all." The context of these remarks could have been viewed by the jury as indicating that the use was to be directed at the prison guards and thus offensive in nature. Yet, whether the appellant's intended use of the weapon was offensive or defensive in nature is irrelevant because possession is criminalized by the statute if the weapon was possessed purposely or knowingly. The State is not required to show how the appellant used or intended to use the weapon.

The jury had the opportunity to hear the testimony of the officer regarding the purpose of the weapon and determine the harm it could potentially cause. It is within the province of the jury to weigh the evidence and assess the credibility of witnesses. *Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999). We hold that there was substantial evidence from which the jury could have found that the object found on the appellant was a weapon for the infliction of serious physical injury or death, which he possessed purposely or knowingly in violation of Ark. Code Ann. § 5-73-131. Accordingly, we affirm.

Affirmed.

GLADWIN and ROBBINS, JJ., agree.