375 Ark. 462

**Tony Bernard JOHNSON, Appellant,**

**v.**

**STATE of Arkansas, Appellee.**

**No. CR 08–930.**

Supreme Court of Arkansas.

Jan. 30, 2009.

William R. Simpson, Jr., Public Defender, and Timothy A. Boozer, Deputy Public Defender, by: Clint Miller, Deputy Public Defender, for appellant.

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellee.

PAUL E. DANIELSON, Justice.

Appellant Tony Bernard Johnson appeals from his conviction for attempted capital murder and his sentence to life imprisonment plus fifteen years, which includes an enhancement for use of a firearm.[1] His sole point on appeal is that the circuit court erred in denying his directed-verdict motion in which he claimed that the State failed to introduce substantial evidence that he acted with premeditation and deliberation. We affirm his judgment and conviction.

A review of the testimony of Mary Rose Johnson reveals the following. On April 27, 2007, Mary Rose, who at the time was married to Johnson, went to see an attorney about obtaining a divorce from him. Later that day, Mary Rose received a call from Johnson, inquiring of her whereabouts. Mary Rose told Johnson that she had just left her attorney's office, to which he responded that he hoped "it wasn't what [he thought] it was about." Mary Rose told him that there was no other reason for her to see an attorney, and the call soon terminated.

Upon arriving home approximately fifteen to twenty minutes later, Mary Rose changed clothes and began walking on her treadmill, which was located in the garage of her home. While walking, she looked up to see Johnson standing in the doorway, and Johnson told her that they needed to talk, "God Damn it!" Mary Rose then asked for ten minutes to finish walking. Johnson repeated his statement, then walked over to the wall, and unplugged a cd player to which Mary Rose had been listening.

At that time, Mary Rose told Johnson to plug the cd player back in and to give her ten minutes. After asking three times, Johnson did plug the player back in and turned, as if he was leaving. Mary Rose then heard a loud noise, felt a burning, and began to hold her stomach. After that, Mary Rose fell to her knees on the treadmill, which was still going. Johnson told Mary Rose that she had "throwed [him] away God Damn it!," and she responded that no one did so and asked Johnson to call 911.

Mary Rose began to crawl toward the door, when Johnson looked at her and said, "bitch, don't make another move, just lay there and die! ... I ought to shoot you in the head." She again asked him to call 911 four different times, which he finally did. After emergency crews and the police arrived, Johnson was arrested. While Johnson was initially charged with criminal attempt to commit murder in the first degree and possession of a firearm by certain persons, the prosecutor later filed an amended information, charging Johnson with criminal attempt to commit capital murder and possession of a firearm by certain persons. He was subsequently tried, and as already set forth, convicted. He now appeals.

Johnson contends that the State failed to introduce substantial evidence that he acted with premeditation and deliberation in committing attempted capital murder. While he concedes that substantial evidence was presented that he fired a .357 revolver at his then—wife, Mary Rose, striking her in the stomach, he maintains

---

1. Johnson does not challenge the firearm enhancement on appeal.

that the State failed to prove that he shot her with the culpable mental state required to prove attempted capital murder—premeditated and deliberated purpose to cause death.

The State responds that substantial evidence supporting premedition and deliberation was presented. Specifically, the State points to the testimony of Mary Rose, as well as to the testimony of Johnson's co-worker, regarding threatening statements made to him by Johnson relating to Mary Rose. The State avers that the evidence showed that Johnson thought about killing his wife long before he fired the shot, that he attempted to cause her death by firing the shot, and that, by firing the shot, he took a substantial step toward capital murder in a premeditated and deliberated manner. It urges that the jury reasonably inferred, from the deadly nature of the weapon and from the location and extent of Mary Rose's injury, that Johnson possessed the culpable mental state for attempted capital murder.

■ On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *See Hoyle v. State,* 371 Ark. 495, 268 S.W.3d 313 (2007). We will affirm the circuit court's denial of a motion for directed verdict if there is substantial evidence, either direct or circumstantial, to support the jury's verdict. *See id.* This court has repeatedly defined substantial evidence as "evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture." *Id.* at 501, 268 S.W.3d at 318 (quoting *Young v. State,* 370 Ark. 147, 151, 257 S.W.3d 870, 875 (2007)). Furthermore, this court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *See id.*

We hold that substantial evidence exists to support the jury's verdict, convicting Johnson of attempted capital murder. A person commits capital murder if "[w]ith the premeditated and deliberated purpose of causing the death of another person, the person causes the death of any person." Ark.Code Ann. § 5–10–101(a)(4) (Repl. 2006). A person attempts to commit an offense if he or she purposely engages in conduct that "[c]onstitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as the person believes them to be." Ark.Code Ann. § 5–3–201(a)(2) (Repl.2006). We have held that premeditation and deliberation constitute the necessary mental state for the commission of attempted capital murder. *See Salley v. State,* 303 Ark. 278, 796 S.W.2d 335 (1990).

■ Deliberation has been defined as "a weighing in the mind of the consequences of a course of conduct, as distinguished from acting upon a sudden impulse without the exercise of reasoning powers." *Ford v. State,* 334 Ark. 385, 389, 976 S.W.2d 915, 917 (1998) (quoting *Davis v. State,* 251 Ark. 771, 773, 475 S.W.2d 155, 156 (1972)). Premeditation means to think of beforehand, and it is well established that it is immaterial as to just how long premeditation and deliberation exist, so long as they exist for a period of time prior to the homicide. *See id.* Premeditation and deliberation may occur on the spur of the moment and may be inferred by the jury from the type of weapon used, the manner of its use, and the nature, extent, and location of the wounds inflicted. *See id.*

■ In this case, substantial evidence was presented to support the jury's finding of premeditation and deliberation. In addition to the testimony of Mary Rose already set forth above, Terry Hines, who worked with Johnson at Hines's father's detail shop, testified that on the afternoon

in question while at the shop, Johnson was upset that his wife might have wanted a divorce. He stated that Johnson told him that "he was going to go home and just handle his business the way he know how [sic]." He further testified that Johnson told him that "he was going to shoot [Mary Rose] if she had some divorce papers" and that "he was going to kill the bitch." Mr. Hines then testified that while driving Johnson home from work, Johnson repeated that he was going to shoot Mary Rose if she had any divorce papers. Mr. Hines stated that on that day, Johnson had a serious look on his face. And as already noted, Mary Rose testified that Johnson came into her garage demanding to talk to her, shot her, and commented that she should die. Here, there was substantial evidence to support Johnson's conviction for attempted capital murder, and we, therefore, affirm Johnson's conviction and sentence.

Pursuant to Arkansas Supreme Court Rule 4–3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Johnson, and no prejudicial error has been found.

Affirmed.