350 S.W.3d 792 (2009)
2009 Ark. App. 761
M.T., a Minor, Appellant,
v.
STATE of Arkansas, Appellee.
No. CA 09-849.
Court of Appeals of Arkansas.
November 11, 2009.
*793 Terry Goodwin Jones, Jonesboro, for appellant.
Dustin McDaniel, Att'y Gen., by: Rachel M. Hurst, Ass't Att'y Gen., for appellee.
KAREN R. BAKER, Judge.
At a bench trial in Craighead County Circuit Court, Juvenile Division, the trial court adjudicated as true one count of battery in the second degree in violation of Arkansas Code Annotated section 5-13-202, and one count of disorderly conduct in violation of Arkansas Code Annotated section 5-71-207 for appellant, M.T., a minor. Appellant was sentenced to six months' supervised probation; an 8:00 p.m. curfew; outpatient counseling; and ordered to pay $35 in court costs, $50 in public defender's fees, and a $20 per month probation fee. Appellant was also sentenced to thirty days in jail, with twenty-eight deferred and two to serve, with electronic monitoring if needed. Appellant's sole point on appeal is whether the State's evidence is sufficient to support an adjudication against him on each charge. We affirm.
Each adjudication stems from a separate incident. The first incident, which gave rise to the battery charge, involved appellant striking a teacher, Jennifer Malugen. After Ms. Malugen instructed appellant to stop yelling at another teacher, he redirected his focus to Ms. Malugen and began yelling obscenities at her. As Ms. Malugen attempted to remove appellant from the classroom, he struck her arm "very hard." The second incident, which gave rise to the disorderly conduct charge, occurred when appellant was a resident in the Methodist Family Health Bono Residential Facility. Appellant had been a resident in the facility for two and one-half months when he lunged toward a doctor in an apparent attack. Cheryl Shuster, a nurse at the facility, observed appellant's aggressive behavior and placed herself between appellant and the doctor. Appellant began swinging his fists and hit Ms. Shuster "very hard." During the altercation, appellant also verbally threatened to kill Ms. Shuster and the doctor.
At trial, after the State rested its case, appellant moved for directed verdicts on both counts. Appellant first claimed that Arkansas Code Annotated section 5-13-202 *794 requires a serious physical injury to support the charge of battery in the second degree and that the State failed to show sufficient evidence that appellant caused such an injury. Appellant also claimed that Arkansas Code Annotated section 5-71-207(a)(1) requires that a person cause a "public inconvenience" in order to support a disorderly conduct charge, but that the State failed to present sufficient evidence to support the charge because the incident which gave rise to the charge did not occur in a public facility.
The circuit court denied both initial motions for a directed verdict. At the close of trial, appellant renewed his motions for directed verdict based on the previously stated grounds. These motions were again denied by the circuit court, which found the allegations of one count of battery in the second degree and one count of disorderly conduct against appellant to be true. Appellant filed a timely notice of appeal.
The standard of review for sufficiency of the evidence in a juvenile proceeding is the same as in a criminal case. Hunt v. State, 92 Ark.App. 342, 344, 213 S.W.3d 667, 667 (2005) (citing Pack v. State, 73 Ark.App. 123, 41 S.W.3d 409 (2001)).On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. Johnson v. State, 375 Ark. 462, 464, 291 S.W.3d 581, 583 (2009) (citing Hoyle v. State, 371 Ark. 495, 268 S.W.3d 313 (2007)). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Fields v. State, 349 Ark. 122, 124, 76 S.W.3d 868, 870 (2002) (citing Smith v. State, 346 Ark. 48, 55 S.W.3d 251 (2001)). Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without mere speculation or conjecture. Hunt, 92 Ark.App. at 344, 213 S.W.3d at 667. In determining whether there is substantial evidence, this court will only consider that evidence tending to support the verdict, and this court does not weigh the evidence presented at trial, as that is the responsibility of the finder of fact. Id. (citing Pack v. State, 73 Ark.App. 123, 41 S.W.3d 409 (2001)). In other words, when a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State. Fields, 349 Ark. at 124, 76 S.W.3d at 870. This court will affirm a delinquency adjudication if it is supported by substantial evidence. Hunter v. State, 341 Ark. 665, 668, 19 S.W.3d 607, 609 (2000) (citing McGill v. State, 60 Ark.App. 246, 962 S.W.2d 382 (1998)).
Appellant first claims that the State's evidence was insufficient to support a conviction for second-degree battery because the State failed to show that the teacher suffered a "physical injury" as a result of appellant's striking her. (At trial, appellant erroneously claimed that the relevant statute requires a serious physical injury; on appeal he corrects his claim to comply with the wording of the statute.) Arkansas Code Annotated section 5-13-202(a)(4)(B) (Supp.2009) states that "a person commits battery in the second degree if the person knowingly, without legal justification, causes physical injury to a person he or she knows to be a teacher ... acting in the course of employment." "Physical injury" means the "impairment of a physical condition; infliction of substantial pain; or infliction of bruising, swelling, or a visible mark associated with physical trauma." Ark.Code Ann. § 5-1-102(14) (Supp.2009).
Appellant argues that the State offered no testimony showing any type of impairment or infliction of substantial pain, *795 and no evidence of bruising, swelling, or a visible mark. Appellant's argument fails to give sufficient weight to the victim's description of the pain she suffered immediately upon receiving the blow from appellant, as well as the pain suffered for days following his striking of her. In determining whether an injury inflicts substantial pain the trier of fact must consider all of the testimony and may consider the severity of the attack and the sensitivity of the area of the body to which the injury is inflicted. Pettigrew v. State, 64 Ark.App. 339, 351, 984 S.W.2d 72, 78 (1998) (citing Holmes v. State, 15 Ark.App. 163, 690 S.W.2d 738 (1985)). The finder of fact is not required to set aside its common knowledge and may consider the evidence in the light of its observations and experiences in the affairs of life. Id. For the purposes of our statute that defines second-degree battery, there is no requirement that a victim of second-degree battery seek medical treatment in order to be deemed to have sustained a physical injury. Id. (citing Gilkey v. State, 41 Ark. App. 100, 848 S.W.2d 439 (1993)).
Here, appellant hit his teacher in the arm "very hard." The teacher testified that after appellant hit her, the pain she suffered in her arm was of a sufficient nature to cause her to seek medical treatment. She also testified that her arm was "very sore" for at least a week. With regard to sufficiency matters, the testimony of one eyewitness is sufficient to sustain a conviction. Williams v. State, 351 Ark. 215, 223, 91 S.W.3d 54, 58 (2002) (citing Harmon, 340 Ark. 18, 8 S.W.3d 472 (2000)). While medical treatment is not required in order to establish a physical injury, the fact that the pain was of a sufficient nature to cause the victim to seek medical care constitutes evidence that she experienced "substantial pain." Here, Ms. Malugen's testimony alone is sufficient evidence of physical injury to support appellant's adjudication for second-degree battery.
Appellant next claims that the State's evidence was insufficient to support a conviction for disorderly conduct because the incident that gave rise to the charge did not occur in a public place or create a risk of public inconvenience. Arkansas Code Annotated section 5-71-207(a)(1) (Supp.2009) states that "[a] person commits the offense of disorderly conduct if, with the purpose to cause public inconvenience, annoyance, or alarm or recklessly creating a risk of public inconvenience, annoyance, or alarm, he ... engages in fighting or in violent, threatening, or tumultuous behavior."
First, our precedent refutes appellant's narrow interpretation of the disorderly conduct statute that the incident giving rise to the charge must occur in a public place. A public inconvenience, annoyance or alarm can occur due to an individual's conduct whether the individual and the people are on public or private property. Farr v. State, 6 Ark.App. 14, 17, 636 S.W.2d 884, 886 (1982). Second, section 5-71-207(a)(1) does not require an actual public inconvenience, annoyance or alarm. The statute requires only that a person engage in fighting or in violent, threatening, or tumultuous behavior with the purpose of creating a public inconvenience, annoyance or alarm or that a person engages in such behavior in a way that recklessly creates a risk of public inconvenience, annoyance or alarm. A person acts purposefully with respect to his conduct when it is his conscious object to engage in conduct of that nature or to cause such a result. Maxwell v. State, 73 Ark.App. 45, 53, 41 S.W.3d 402, 408 (2001) (citing Harmon v. State, 340 Ark. 18, 8 S.W.3d 472 (2000)).
*796 Here, Ms. Shuster, an employee of the behavioral health facility where appellant was a resident, testified that appellant attacked her on several different occasions, including the February 23, 2009 incident where appellant "flipped out" and attacked both Ms. Shuster and the doctor. During this incident, Ms. Shuster testified that appellant hit her in the stomach and caused her to "double over." It is clear from this testimony that appellant engaged in fighting or in violent, threatening or tumultuous behavior. Appellant's violent actions support the inference that his purposeful intent was to cause a public inconvenience, annoyance or alarm. Moreover, appellant does not argue that he was in any way incapable of controlling his actions at the time he threatened to kill either the nurse or the doctor and struck the nurse. At the very least, he consciously disregarded the effects of his actions. "Recklessly" is defined in Arkansas Code Annotated section 5-2-202(3) (Repl.2006) as follows:
(A) A person acts recklessly with respect to attendant circumstances or a result of his or her conduct when the person consciously disregards a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur.
(B) The risk must be of a nature and degree that disregard of the risk constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation[.]
Here the fact that appellant engaged in this behavior, with not even a reference to a compromised mental state, is sufficient to support the appellant's adjudication for disorderly conduct. The evidence supports the inference that appellant intended to engage in the conduct of hitting the nurse and threatening her and the doctor's lives to create public inconvenience, annoyance or alarm. See Maxwell, supra.
Accordingly, we affirm.
GRUBER and BROWN, JJ., agree.