

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–17–75

| | | |
|---|---|---|
| JERRICK LONDON | | **Opinion Delivered:** November 8, 2017 |
| | APPELLANT | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, SOUTHERN DISTRICT [NO. 01DCR-08-10] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE DAVID G. HENRY, JUDGE |
| | APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Jerrick London appeals the Arkansas County Circuit Court's order revoking his suspended imposition of sentence (SIS) on the charge of delivery of cocaine, a Class Y felony. He argues that there was insufficient proof that he inexcusably failed to pay as ordered. We affirm.

London entered a negotiated plea of guilty in the circuit court on June 18, 2009. He pled to delivery of cocaine, a Class Y felony. He was sentenced to an SIS of 240 months with conditions that included payment of a $5,000 fine suspended upon compliance of all terms and conditions, and also payment of costs at a rate of $75 a month.

The State first petitioned to revoke London's SIS in December 2011, alleging that he had violated the terms by failing to make any of the required monthly payments, being arrested for robbery and failure to appear, and testing positive for phencyclidine (PCP).

Upon motion of the State, the circuit court entered an order on October 10, 2014, nunc pro tunc to August 1, 2012, dismissing the first petition without prejudice with the requirement that the conditions of London's suspended sentence be strictly enforced.

On November 19, 2014, the State filed a second petition to revoke London's SIS, re-alleging the allegations in the first petition to revoke. Additionally, the State alleged that London had violated the conditions of his suspended sentence because he had been arrested for public intoxication, loitering, and possession of instruments of crime. London was arrested on the petition. However, based on his representations to the prosecutor that if released he would receive disability income from which he would make payments toward his fines and court costs and that he would report for the revocation hearing on April 27, 2016, he was released on February 24, 2016. London did not appear for the April 27 hearing.

At the revocation-and-failure-to-appear hearing on September 29, 2016, the only violation addressed was London's complete failure to pay fines and costs.[1] Both the State and London stipulated that he had not made any payment on the fines and costs as ordered. London's suspended sentence was revoked, and the circuit court sentenced him to 10 years' imprisonment in the Arkansas Department of Correction (ADC). This appeal followed.

To revoke probation or an SIS, the burden is on the State to prove the violation of a condition of the probation or SIS by a preponderance of the evidence. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). A circuit court may revoke an SIS if it finds by a preponderance of the evidence that the defendant inexcusably failed to comply with a single

---

[1]We note the sentencing order filed on October 5, 2016, contains the incorrect date of the hearing as September 28, 2016.

condition of his or her suspension. *See* Ark. Code Ann. § 16-93–308(d) (Supp. 2015). On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Nelson v. State*, 2010 Ark. App. 549. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or SIS. *Id*. Thus, the burden on the State is not as great in a revocation hearing. *Id*.

Furthermore, because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. *Id*. Specifically, we have noted that "[t]he circuit court is not required to believe the testimony of the defendant because he is the person most interested in the outcome of the hearing." *Rhoades v. State*, 2010 Ark. App. 730, at 3, 379 S.W.3d 659, 661.

If the alleged violation involves the failure to pay court ordered fines and costs, the court may revoke the suspended sentence if it finds the defendant has failed to make a good-faith effort to pay the obligation. *Thompson v. State*, 2009 Ark. App. 620. While the State has the burden of proving that the failure to pay is inexcusable, once the State has introduced evidence of nonpayment, the burden shifts to the defendant to provide a reasonable excuse for his or her failure to pay. *Id*. This court reviews the sufficiency of the evidence supporting revocation in the light most favorable to the State. *E.g.*, *Bohannon v. State*, 2014 Ark. App. 434, at 5, 439 S.W.3d 735, 738.

In the instant case, both the State and London stipulated that he had not made any payment of fines and costs as ordered. London testified that since he pled guilty in 2009, he

had been disabled and unemployed and had either lived with his sister or been incarcerated for probation violations on another criminal conviction. London also introduced a Social Security Administration (SSA) letter dated August 24, 2015, that stated his date of disability was June 18, 2014, and that his monthly disability benefit of $733 would resume on September 1, 2015. The letter indicated that he had previously received disability payments, but London denied having ever received any disability payments prior to 2016 and testified that his disability payments were suspended while he was incarcerated.

London introduced his ADC "Pen Pack" to show that since he pled guilty in 2009, he had been repeatedly incarcerated for violating the terms of his probation on a separate conviction. He also denied ever having received a lump-sum disability payment retroactive to the date of disability; however, he later equivocated, stating that he needed to "check on that."

London admitted to receiving disability payments after his release on February 24, 2016, until he was arrested in June 2016 on the revocation petition. While he also claimed that he attempted to pay $20.00 in April 2016 and that the money order was returned to him because he had mailed it to the wrong address, he did not introduce any evidence to support this claim.

The circuit court found, as agreed and stipulated by the parties, that there had been "absolutely no payments made on the obligation contained in the sentence." The court also found that although the record was unclear whether he had received disability income prior to 2016 due to the periods of incarceration, it was undisputed that he did receive disability income after his release in February 2016 but failed to make any payment.

Furthermore, the circuit court found London's testimony that he did not receive a lump-sum disability payment, retroactive to the date of disability, not credible. The circuit court revoked London's suspended sentence based on these findings. Moreover, as the State asserts in its brief, the introduced SSA letter demonstrates that London was capable of directing the SSA to mail his benefits check directly to him instead of making a direct deposit into his bank account, negating London's mental disability excuse.

We cannot say that the circuit court erred, because there was sufficient evidence to support the court's finding that London inexcusably violated a condition of his suspended sentence. London did not present a reasonable excuse regarding his nonpayment of fines and costs as ordered. There is also no evidence to support London's argument that even if he had received the SSA checks, his mental disabilities rendered him incapable of complying with the order to make monthly payments. Accordingly, we affirm.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.