DAVID M. GLOVER, Judge
Kevin Perry appeals from the August 25, 2017 sentencing order revoking his probation and sentencing him to thirty-six months in the Arkansas Department of Correction, with twenty-four months' suspended imposition of sentence (SIS). He contends the trial court erred in revoking his probation because he had good cause for violating the terms and conditions of his probation. We affirm.
On December 18, 2013, Kevin Perry pleaded guilty to the offense of second-degree forgery, and he was sentenced to sixty months' probation. Perry received an additional twenty-four months' probation by order entered on May 2, 2016, because of a probation violation; and he was required to serve a designated amount of time in a detention center. On October 25, 2016, the State filed a petition to revoke Perry's probation, alleging he had violated the terms and conditions by evading supervision, failing to report his residence and/or travel, and failing to pay probation-supervision fees.
At the revocation hearing on August 25, 2017, Preston Jones, Perry's probation supervisor, testified for the State, and Perry testified in his own defense. Jones testified that he supervises offenders who have been released from prison on parole or sentenced to probation; he supervised Kevin Perry. Jones stated that Perry stopped showing up and then failed to report after being contacted and scheduled for an office visit. Jones explained that after Perry had failed to report on August 10, 2016, a letter was sent to him, directing him to report on August 15, 2016, but he did not do so. Attempts were made to contact him by telephone, but the numbers had been disconnected. A home visit was requested, but when two officers went to Perry's residence on August 17, 2016, they were told he did not live there. Jones testified that he was not sure when Perry last contacted the probation office and that he had not heard from Perry at all since August 2016.
*909 Jones recommended that Perry be sent to the Arkansas Department of Correction because his probation had previously been revoked and because of the amount of time he had failed to report. The State rested.
Kevin Perry testified in his own defense. He stated that the last time he checked in with the probation office was August 9, 2016, and that he had checked in with Officer Murray "when she was going back and forth from West Memphis and here from Pine Bluff with the women's prison." According to Perry, that was the day before he moved his grandmother to Addison, Texas. He testified that Mr. Preston Jones did his drug screen one day when Officer Murray was not there; he (Perry) contacted Murray, but she did not get back with him; and he let Murray know he was not staying at his previous address off Pike Avenue. He said his sister and brother were staying at the residence off Pike Avenue and that he told Murray they were drinking there and he could not be around it. He said his family is in Dallas, Texas; his kids and their mother live in Dallas; and Dallas is where he has been.
Perry testified he had been incarcerated in Texas since March 28, 2017, "waiting on Arkansas to come get him." He stated he was thirty years old; had a job in Texas; and did not "pick up any new charges" while in Texas. He said the reason he was incarcerated was the "probation hold violation, second revocation." He testified he was served the warrant when he stepped foot in Faulkner County on August 11; that he was held in continuous custody in Dallas County from March 28 to August 11. The defense rested.
In ruling from the bench, the trial court explained that this was a situation in which there was an order of the court for Perry to report or stay in touch with the probation officer, regardless of what circumstances unfolded; it was his obligation; and he failed to comply. The court found a willful violation of the terms and conditions of probation; directed Perry be sentenced to the Arkansas Department of Correction for thirty-six months, with an additional twenty-four months' SIS because it was a second revocation; ordered all fines, fees, and costs associated with the original conviction due and payable upon his release; and found he was to get credit for the time he spent in jail in Texas: March 28 to the date of the hearing-August 25, 2017 (150 days).
In this appeal, Perry contends he proved he had reasonable justification for failing to comply with the terms and conditions of his probation; therefore, the trial court erred in revoking it. He offers two justifications: 1) he moved to Texas so he could maintain a residence that would comply with the terms of his probation, i.e., the place he was living in Arkansas was not suitable because alcohol was consumed there and he was supposed to avoid such environments; and 2) he moved to Texas to have a job that would provide support for himself and his family. Perry argues that work, a place to live, and family were not present in Arkansas, and he could not meet family needs and comply with the terms of his probation if he stayed here. He further argues that his probation officer's (Jones's) reason for the revocation and sentence included the length of his violation, but that such a basis was not reasonable; the justification for his extended violation of not reporting or paying was that he was jailed in Texas from March 2017 until August 2017, and he could not possibly comply with his probation conditions. He summarizes his argument as follows:
The combination of trying to meet the needs of his family, securing work, and needing a compliant residence ought to excuse Mr. Perry's non-compliance. And *910 justifying his sentence on the length of a violation when the length was caused by his being jailed in another state for the violation is incorrect. At minimum, a 36-month sentence followed by 24 months suspended is too severe and should be reduced significantly.
To revoke probation or an SIS, the burden is on the State to prove the violation of a condition of the probation or an SIS by a preponderance of the evidence. London v. State , 2017 Ark. App. 585, 534 S.W.3d 758. A trial court may revoke probation or an SIS if it finds by a preponderance of the evidence that the defendant inexcusably failed to comply with a single condition of his or her suspension. Id. ; Ark. Code Ann. § 16-93-308(d) (Supp. 2017). On appellate review, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. London , supra. Because the burdens of proof are different, evidence that is not sufficient to support a criminal conviction may be sufficient to support revocation of probation or an SIS. Id. Therefore, the burden on the State is not as great in a revocation hearing. Id. In addition, because the determination of a preponderance of the evidence turns on questions of credibility and the weight to be given to the testimony, we defer to the trial court's superior position. Id. We have noted that the trial court is not required to believe the testimony of the defendant because he or she is the person most interested in the outcome of the hearing. Id.
Here, the terms of Perry's probation included the condition he "shall remain within the State of Arkansas unless granted permission in writing to leave by the Probation Officer." It is undisputed that Perry moved to Texas without alerting his probation officer, much less receiving written permission to do so. He explained that his motivations for doing so were, generally, to escape his Arkansas surroundings where alcohol was being used, to be with his family, and to have a job. Perry cites Cogburn v. State , 264 Ark. 173, 569 S.W.2d 658 (1978), and Baldridge v. State , 31 Ark. App. 114, 789 S.W.2d 735 (1990), as support for his position that he "offered reasonable justifications for his failure to comply strictly with the terms and conditions of his probation...." It is unnecessary to discuss these cases at length other than to say that the facts and circumstances of Cogburn and Baldridge demonstrated those probationers made good-faith efforts to comply with the terms of their probation; this distinguishes those cases from the facts presented here. As noted by the State, even if Perry's motivations for moving to Texas were good, the conditions of his probation did not allow him to unilaterally relocate to Texas. Even though Perry offered his reasons for moving, he offered no reasonable justification for failing to get written permission to do so from his probation officer.
As discussed previously, the violation of one condition is sufficient to support the revocation of probation, and we find no clear error in the trial court's finding that Perry inexcusably violated the condition that he not leave Arkansas without the written permission of his probation officer. It is, therefore, unnecessary to discuss the other violations.
Finally, to the extent Perry raises as an additional point that his resulting sentence and SIS were too severe and should be reduced, he is making the argument for the first time on appeal, and we do not address it.
Affirmed.
Gladwin and Whiteaker, JJ., agree.