Cite as 2020 Ark. App. 179

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-628

| | |
|---|---|
| CORTLAND D. RUFFIN | **Opinion Delivered:** March 18, 2020 |
| APPELLANT | APPEAL FROM THE LAFAYETTE COUNTY CIRCUIT COURT [NOS. 37CR-14-39; 37CR-15-05; 37CR-17-82] |
| V. | HONORABLE CARLTON D. JONES, JUDGE |
| STATE OF ARKANSAS | AFFIRMED; MOTION TO WITHDRAW GRANTED |
| APPELLEE | |

## RAYMOND R. ABRAMSON, Judge

Appellate counsel for Cortland D. Ruffin brings this no-merit appeal from the Lafayette County Circuit Court's order revoking Ruffin's suspended sentences and probation and sentencing him to concurrent sentences of five years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) (2019) of the Rules of the Arkansas Supreme Court and Court of Appeals, Ruffin's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit. The clerk of our court furnished Ruffin with a copy of his counsel's brief and notified him of his right to file pro se points for reversal within thirty days, which he has filed, and the State has filed a response. We affirm Ruffin's convictions and grant counsel's motion to withdraw.

On March 13, 2015, Ruffin appeared before the Lafayette County Circuit Court in case numbers 37CR-2014-39-1 and 37CR-2015-05-1 (2014-39 and 2015-05 respectively) and pleaded guilty to terroristic threatening in the first degree and possession or use of weapons by incarcerated persons, both Class D felonies, in each case, respectively. The circuit court imposed concurrent five-year suspended sentences for each offense and ordered that as a condition of those suspended sentences, Ruffin not violate the law and that he pay $150 in court costs, a $100 public-defender fee, and a $20 booking fee.

On January 12, 2018, Ruffin appeared before the circuit court in case number 37CR-2017-82-2 (2017-82) and pleaded guilty to battery in the second degree, a Class D felony. The circuit court sentenced Ruffin to six years' probation and assessed $150 in court costs and a $20 administrative fee. The terms and conditions of Ruffin's probation further required that he report as directed to his supervising probation officer, pay monthly $35 probation-supervision fees, with his costs and administrative fee to be paid in full by February 12 and March 12, 2018, respectively.

On May 4, 2018, the circuit court extended Ruffin's suspended sentences in 2014-39 and 2015-05, as previously ordered, and assessed additional court costs and fees. That same date, Ruffin's sentence of probation in 2017-82 was also extended subject to its previous terms and conditions, and payment of his prior court-ordered costs and fees, and the circuit court further ordered Ruffin to pay an additional $150 in court costs and a $20 administrative fee.

On September 7, 2018, the State filed petitions to revoke Ruffin's sentences in 2014-39 and 2015-05 alleging that, as of May 4, 2018, Ruffin had "failed to pay court ordered

2

financial obligations" in violation of the terms of his suspended sentences. The State's petition to revoke Ruffin's probation filed in 2017-82 alleged that Ruffin had violated the terms of his probation when he failed to report to his probation officer on August 7, 13, and 16, 2018, that he had failed to make any payments toward his court-ordered costs or fees, and that he had not paid his monthly probation-supervision fees, which were $140 in arrears.

A hearing on the petitions was held on April 15, 2019. The State presented testimony from Ruffin's probation officer, Clay Raborn, who testified that Ruffin had been placed under his supervision for his sentence of probation in 2017-82. Officer Raborn testified that Ruffin's suspended sentences in 2014-39 and 2015-05 had been conditioned on his meeting various financial obligations. A copy of the terms and conditions of Ruffin's suspended sentences was admitted without objection. Officer Raborn testified that the circuit court had ordered Ruffin to pay $150 in court costs, a booking fee of $20, and a $100 public-defender fee in each case. He testified that Ruffin was further ordered to pay additional court costs of $150 and administrative fees of $20 when his suspended sentences in 2014-39 and 2015-05 and sentence of probation in 2017-82 were extended on May 4, 2018.

At the hearing, Officer Raborn testified that his records indicated Ruffin had not made any payments toward the court costs or fees. The terms and conditions of Ruffin's probation in 2017-82 were admitted into evidence. When asked whether Ruffin had complied with his probation-reporting requirements, Officer Raborn testified that Ruffin failed to report on July 17, 2018, after Ruffin was specifically "told to report" after his release from the Lafayette County jail on July 3, 2018.

3

Officer Raborn further testified that on July 18, he went to the Bradley, Arkansas, address that Ruffin had provided as his residence, but Ruffin was not there. Officer Raborn testified he left written instructions on the door of the residence for Ruffin to report to the probation office on July 19. Ruffin failed to report to the probation office that day. Officer Raborn testified that Ruffin subsequently failed to report—after having been provided written instructions at his residence—on August 7, 13, and 16, 2018.

Ruffin testified on his own behalf at the hearing. He stated that he understood he was required to report to Officer Raborn and that he had signed the terms of his probation. Ruffin testified that he "reported once" to Officer Raborn in July 2017 when he "signed the [terms of probation]" and was told he owed $105 in supervision fees. Officer Raborn told him "the next date to [report,]" but Ruffin recalled, "I don't think I made it."

Ruffin initially denied that he was required to pay supervision fees and testified that since July 2017, he had been employed as a landscaper, had done "utility work[,]" "roofing[,]" and "shingling," and had been residing with his uncle and cousin at their residences in Bradley. Ruffin later testified he arranged to perform community service "to pay off [his] $105 probation fees[,]" but that "[he] didn't do it[.]" When asked if he received Officer Raborn's written instructions to report, Ruffin replied, "[Y]es, yes, my uncle gave them to me," and that "[a]ctually[,] [the] chief of police had contacted [him] about it." Ruffin testified he never called Officer Raborn and that he had not reported to the probation office since July 2017.

At the conclusion of the hearing, the circuit court found that Ruffin had willfully failed to meet his financial obligations in 2014-39 and 2015-05. The circuit court further

4

found that Ruffin had failed to pay court-ordered fees, costs, or supervision fees and failed to report to his probation officer in violation of the terms and conditions of his probation in 17-82, noting that Ruffin had "refused to even make a phone call" to Officer Raborn. The circuit court then revoked Ruffin's suspended sentences and probation and sentenced him to concurrent sentences of five years' imprisonment.

In this no-merit appeal, Ruffin's counsel argues the evidence supports the circuit court's revocation such that an appeal would be wholly without merit. We agree. Ruffin has filed pro se points that challenge the sufficiency of the evidence, but they provide no basis for reversal.

A circuit court may revoke a defendant's probation if it finds by a preponderance of the evidence that the defendant has violated a condition of the probation. *Atteberry v. State*, 2016 Ark. App. 331. The State bears the burden of proof, but it need only prove that the defendant committed one violation of the conditions. *Lewis v. State*, 2015 Ark. App. 222. Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation of probation. *Richard v. State*, 2018 Ark. App. 362, 553 S.W.3d 783. Our court has noted that "even de minimis violations may support revocation[.]" *Scroggins v. State*, 2019 Ark. App. 346, at 5, 582 S.W.3d 853, 856. On appeal, we will defer to the circuit court's superior position in evaluating the credibility and weight of testimony presented at the hearing. *E.g.*, *Clark*, 2019 Ark. App. 158, at 6, 573 S.W.3d at 555. A circuit court's finding in revocation proceedings will not be reversed on appeal unless it is clearly against the preponderance of the evidence. *Mosley v. State*, 2016 Ark. App. 353, 499 S.W.3d 226.

A revocation for failure to pay court-ordered fines and costs requires a showing that the defendant has failed to make a good-faith effort to pay the obligation. *E.g.*, *London*, 2017 Ark. App. 585, at 3, 534 S.W.3d at 760. Once the State has introduced evidence of nonpayment, the burden of production then shifts to the defendant to provide a reasonable excuse for the failure to pay. *E.g.*, *id.* at 3, 534 S.W.3d at 760. Here, Ruffin failed to do so.

At the April 15 hearing, Officer Raborn testified that his records indicated Ruffin had not made any payments toward his court costs and fees in 2014-39, 2017-82, and 2015-05. Copies of the signed terms and conditions were entered as exhibits at the hearing. Officer Raborn testified that Ruffin had failed to report on multiple dates even with ample written instructions and notice.

On the stand, Ruffin admitted that he knew his probation required him to report to Officer Raborn but that he had reported on only one occasion in July 2017 and had not attempted to contact Officer Raborn. Ruffin testified that he had been employed, owed $105 in supervision fees, and that on at least one occasion his uncle had provided him Officer Raborn's written instruction to report.

Ruffin's pro se arguments that he, in fact, reported on two occasions is without merit because he admitted he had notice to report on the other dates alleged in the petition and that he failed to report on three separate dates in August 2018. Further, Ruffin's argument concedes that he owed supervision fees but claims he could not have owed "that much." A defendant's admission of an alleged failure to pay court-imposed financial obligations is alone

sufficient evidence to support revocation. *E.g.*, *Harmon v. State*, 2015 Ark. App. 18, at 4, 453 S.W.3d 172, 175.

We hold that there was sufficient evidence to support the circuit court's finding that Ruffin inexcusably failed to report to Officer Raborn, failed to pay required supervision fees, and willfully failed to pay his court-ordered costs and fees in violation of the terms and conditions of his suspended sentences and probation. Accordingly, we affirm. Because counsel has complied with Rule 4-3(k), we also grant his motion to withdraw.

Affirmed; motion to withdraw granted.

VIRDEN and HIXSON, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.