Cite as 2021 Ark. App. 407

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CR–21–81

| | |
|---|---|
| JIMMY WAYNE SPARKS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** October 27, 2021<br><br>APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT<br>[NO. 56CR-16-224]<br><br>HONORABLE KEITH L. CHRESTMAN, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

Jimmy Wayne Sparks appeals the Poinsett County Circuit Court's revocation of his probation. We affirm.

On September 2, 2016, Sparks pleaded guilty to possession of drug paraphernalia, a Class C felony (56CR-16-224). He was sentenced to sixty months' probation; fined $1000; and assessed $345 in court costs, $250 for the public defender fee, and $250 for a DNA fee for a total of $1845. Additionally, Sparks was assessed two $5 monthly fees related to Act 1262 and Act 1138. Provision 17 of the terms of Sparks's probation required him to pay $35 a month toward the supervision fee, and provision 18 provided that he make monthly payments of $50 toward the fine, court costs, and other fees.

The State filed a petition to revoke Sparks's probation on December 6, 2019, asserting that Sparks had committed a new criminal offense (possession of a controlled

substance), was delinquent in the amount of $110 regarding his supervision fees, and failed to pay "any" fines, costs, and fees as ordered.[1]

On August 7, 2020, the circuit court held a revocation hearing. At the hearing, Kristy Robertson, Sparks's parole officer, testified that Sparks was $110 in arrears on his supervision fees when the petition was filed, and on the day of trial, Sparks was $290 in arrears. Robertson explained that her knowledge of Sparks's fee payment was based on a phone call she made to Lesa McClard at the fines department, who told her the amount of Sparks's balance and that he had not made any payments. Sparks's counsel objected to Robertson's testimony regarding Lesa McClard's statements to her, arguing that it violated the confrontation clause, and the court sustained the objection.

Lesa McClard, the fines and fees clerk for Poinsett County, testified that she keeps track of the money owed by defendants, and though Sparks had made *some* payments toward his fines, fees, and court costs, Sparks owed $1340.

Sparks moved for a directed verdict, asserting in pertinent part that the petition for revocation provides that Sparks had failed to make *any* court-ordered payments to the Poinsett County Sheriff's Office, and in contrast, McClard testified that his balance due was $1340—not that he was delinquent or in any other way violated the terms of his probation.[2]

---

[1]The ground for revocation that Sparks possessed a controlled substance was dismissed by the circuit court and is not at issue here.

[2]Although Sparks moved for a directed verdict, such a motion at a bench trial is a motion for dismissal. *Foster v. State*, 2015 Ark. App. 412, 467 S.W.3d 176. A motion to dismiss at a bench trial is identical to a motion for directed verdict at a jury trial in that it is a challenge to the sufficiency of the evidence. Ark. R. Crim. P. 33.1.

The circuit court denied the motion as to the nonpayment of fines. The court found that McClard testified that Sparks was $1340 in arrears regarding the court-ordered payment of fines, fees, and court costs, and Sparks did not offer an explanation regarding his nonpayment. The court also stated that Robertson testified that Sparks had not paid the supervision fee as ordered, and he owed $290 toward this fee. The circuit court revoked Sparks's probation and sentenced him to thirty-six months' imprisonment in the Arkansas Department of Correction. Sparks timely filed his notice of appeal.

On appeal, Sparks asserts that the evidence presented was insufficient to support the court's finding that he failed to make any payments on his supervision fees and fines. His argument is not well-taken.

In order to revoke probation or a suspended imposition of sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. To sustain a revocation, the State need only show that the defendant committed one violation. *Id.* We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence. *Id.* Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony. *Id.* This court reviews the sufficiency of the evidence supporting revocation in the light most favorable to the State. *Id.*

If the alleged violation involves the failure to pay court-ordered fines and costs, the court may revoke the suspended sentence if it finds the defendant has failed to make a good-

faith effort to pay the obligation. *London v. State*, 2017 Ark. App. 585, at 3, 534 S.W.3d 758, 760. While the State has the burden of proving that the failure to pay is inexcusable, once the State has introduced evidence of nonpayment, the burden shifts to the defendant to provide a reasonable excuse for his or her failure to pay. *Id*. If the probationer offers no reasonable explanation for his or her failure to pay, then it is difficult to find clear error in a circuit court's finding of inexcusable failure to pay. *Stewart v. State*, 2021 Ark. App. 289, 624 S.W.3d 357.

The crux of Sparks's argument is that the petition for revocation set forth that he had not made *any* payments toward his fines, fees, and court costs, and contradicting the petition, McClard testified that he had made *some* of his court-ordered payments; thus, there was insufficient evidence to support the ground for revocation.[3] This is a difference without a distinction. The circuit court explained that "the point of the revocation petition was not that he made no payments, but that he owed a balance in December of 2019[.]" We agree. McClard's uncontroverted testimony is that Sparks was in arrears $1340 for nonpayment of his fine, court costs, and fees; thus, the court did not err in finding that Sparks had violated a condition of his probation.

Affirmed.

HARRISON, C.J., and GRUBER, J., agree.

---

[3]In the first section of Sparks's argument, he refers to Robertson's testimony regarding her phone call with McClard and that the court correctly sustained his confrontation-clause objection. The thrust of this section is not clear. Sparks neither argues that the circuit court erred nor cites authority to support any argument he might be trying to make. When a party fails to cite authority or fails to provide convincing argument, we will not consider the merits of the arguments. *Anderson v. State*, 357 Ark. 180, 209, 163 S.W.3d 333, 350 (2004).

*Presley Hager Turner*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.