Cite as 2022 Ark. App. 315

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-21-566

| | |
|---|---|
| CHRISTOPHER M. PARKER<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered September 7, 2022<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR-06-652]<br><br>HONORABLE R. GUNNER DELAY, JUDGE<br><br>AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Christopher Parker appeals from a sentencing order entered by the Sebastian County Circuit Court on November 9, 2021, that revoked his suspended imposition of sentence (SIS), sentenced him to one year in the Arkansas Department of Correction (ADC), and imposed an additional seven years' SIS. On appeal, Parker argues that the circuit court erred in revoking his SIS because the warrant pursuant to which he was arrested was stale. We affirm.

## I. *Background*

In January 2007, Parker pled guilty in case No. CR-06-652 to one count of possession of cocaine, a Class C felony; one count of possession of drug paraphernalia, a Class C felony; and one count of possession of marijuana, a Class A misdemeanor. He was sentenced to six

years' SIS on the felonies and one year SIS for the misdemeanor. In November 2012, Parker pled no contest to a petition to revoke his SIS in case No. CR-06-652 and also entered a no-contest plea in two additional new cases: No. CR-07-1275, a D Felony second-degree battery; and No. CR-10-811, a D Felony count of possession of marijuana. Parker was sentenced to two years in the ADC on each count, with a total additional eight years' SIS.[1]

On March 22, 2018, the State filed a petition to revoke Parker's SIS, and a bench warrant for Parker's arrest was issued. The State alleged that Parker had violated the terms and conditions of his SIS by committing the offense of second-offense driving while intoxicated. For reasons that are not clear from the record, Parker was not served with the revocation warrant until September 4, 2021, a span of nearly three-and-a-half years after it was issued.

The circuit court held a hearing on the State's revocation petition in November 2021. At the hearing, Parker argued that the revocation petition should be dismissed because the arrest warrant was stale. Parker noted that the warrant had been issued in March 2018. Subsequent to its issuance, Parker appeared in district court in December 2018 but was not served at that time. Parker then appealed his district court conviction to the circuit court. When he appeared in person in circuit court for the district court appeal, he once again was not served with the revocation warrant. Moreover, during the time the warrant was pending

---

[1]Parker was also sentenced to one year in the county jail for the misdemeanor, with that time being satisfied by his ADC sentence. He was ordered to surrender to the ADC on December 17, 2012, and he was released on April 19, 2013.

but unserved, Parker argued, he "religiously" paid off the balances of his court fees and costs, completing his payments in February 2021. Parker conceded that there was not a "bright line" regarding the reasonableness of serving an arrest warrant, but he argued that the circuit court had some discretion in determining whether the delay in serving a warrant was unreasonable. Given the facts of his case––Parker had contact with law enforcement and with the court several times without being served with a previously issued warrant––he urged that it was unreasonable to validate the warrant "since so much time has passed and [he had] actually satisfied all of the other terms [of his SIS]." As to the sufficiency of the evidence in support of the petition to revoke, Parker acknowledged that he had been convicted of second-offense driving while intoxicated in violation of the terms of his SIS.

After considering the arguments of counsel, the court stated that it was "not persuaded on the stale-warrant argument." Accordingly, the court revoked Parker's SIS and sentenced him to one year in the ADC with the remaining seven years of his sentence suspended. Parker timely appealed the sentencing order and now argues that the circuit court erred in revoking his SIS because of the unreasonable delay in the execution of the arrest warrant.

## II.  *Standard of Review*

In order to revoke probation or a suspended imposition of sentence, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. *Sparks v. State*, 2021 Ark. App. 407. To sustain a revocation, the State need only show that the defendant committed one violation. *Id.* We

will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.* Issues concerning pre-arrest delays, however, are reviewed under an abuse-of-discretion standard. *See Hillard v. State*, 2010 Ark. App. 583.

III. *Discussion*

On appeal, Parker does not challenge the sufficiency of the evidence supporting the revocation of his SIS; indeed, as he acknowledged at the revocation hearing, he was convicted of a criminal offense in violation of the terms and conditions of his SIS. Instead, Parker argues that the State's delay in executing the arrest warrant was unreasonable and that his revocation should therefore be reversed and dismissed.

Within this appeal, certain things are undisputed. The State undisputedly issued a warrant for Parker's arrest. The State undisputedly delayed arresting Parker for more than three years. During this period of delay, Parker undisputedly presented himself to a court on at least two different occasions while the warrant was pending but unserved. Parker argues that these undisputed facts warrant a reversal and dismissal of his revocation. Under our analysis of case law, we disagree.

Both our supreme court and this court have expressed the principle that prosecutorial delay may cause prejudicial error that requires dismissal of the charges against the accused. *See, e.g.*, *Bliss v. State*, 282 Ark. 315, 668 S.W.2d 936 (1984); *Scott v. State*, 263 Ark. 669, 566 S.W.2d 737 (1978); *Forgy v. State*, 16 Ark. App. 76, 697 S.W.2d 126 (1985). For example, in *Scott*, *supra*, the supreme court noted that the State may not delay the filing of charges in order to gain a tactical advantage over the accused. If the State delays the filing of charges in

order to gain a tactical advantage and the defendant is able to show prejudice to his defense because of prosecutorial delay, the charges should be dismissed, unless the State can come forward with a satisfactory reason for the delay. *Scott*, 263 Ark. at 674, 566 S.W.2d at 740 (citing *United States v. Lovasco*, 431 U.S. 783 (1977)).

This does not mean, however, that every delay by the State in bringing charges will result in a dismissal. Rather, in order to gain advantage from the State's delay, the accused must first demonstrate that he or she has thereby been prejudiced. In *Young v. State*, 14 Ark. App. 122, 685 S.W.2d 823 (1985), we held that it is "clear . . . that mere preindictment delay is not a sufficient ground for aborting a criminal prosecution with the period of limitation. The accused has the burden of *first* showing prejudice resulting from the loss of witnesses or physical evidence or the dimming of the witnesses' memory and how that loss is prejudicial to him. The burden is *then* on the government to give a satisfactory reason for the delay." *Young*, 14 Ark. App. at 127, 685 S.W.2d at 826 (emphasis added). Likewise, in *Forgy*, *supra*, this court stated that "due process considerations do not arise until prejudice resulting from the delay is proven and it further appears that the State intentionally delayed the proceedings to gain some tactical advantage over the accused." 16 Ark. App. at 82, 697 S.W.2d at 130.

Here, Parker does not explain how the delay in the State's execution of the arrest warrant on the revocation petition prejudiced his defense. Clearly, Parker was prohibited from violating "any federal, state, or municipal law" under the terms and conditions of his SIS. The State moved to revoke Parker's SIS because he had violated its terms and conditions by committing the offense of second-offense driving while intoxicated. Parker concedes that

he had, in fact, been convicted of that offense. Because Parker conceded that he had violated the terms and conditions of his SIS, he had no defense to the revocation. As such, the State's delay in executing the arrest warrant did not prejudice his defense, and because Parker cannot demonstrate prejudice, reversal is not warranted.[2]

Affirmed.

HARRISON, C.J., and MURPHY, J., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

---

[2]The reasons for the delay in executing the arrest warrant are entirely unclear from the record. However, because Parker has neither asserted nor demonstrated prejudice either before the circuit court or this court, the burden did not shift to the State to give a reason for the delay. *See Young, supra*.