Cite as 2022 Ark. App. 466

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-22-257

| | | |
|---|---|---|
| KIAH DANNER | | Opinion Delivered NOVEMBER 16, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-18-106] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Kiah Danner appeals the Hot Spring County Circuit Court's revocation of her probation on six counts of second-degree forgery. On appeal, she contends that the trial court erred in finding that she willfully violated her probation by (1) testing positive for marijuana; (2) failing to report; (3) failing to obtain substance-abuse treatment; and (4) failing to pay restitution, fines, and costs. We affirm.

In order to revoke probation or a suspended imposition of sentence, the trial court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation or suspension. *Parker v. State*, 2022 Ark. App. 315, at 3. To sustain a revocation, the State need only show that the defendant committed one violation. *Id.* We will not reverse the trial court's findings unless they are clearly against the preponderance of the evidence. *Id.* at 4. "Evidence that would not support a criminal

conviction in the first instance may be enough to revoke probation or a suspended sentence." *Siddiq v. State*, 2016 Ark. App. 422, at 2, 502 S.W.3d 537, 539; Ark. Code Ann. § 16-93-308(d) (Repl. 2016). Questions of witness credibility and the weight given to testimony are for the trial court, and this court defers to the trial court's determinations. *Stuebinger v. State*, 2022 Ark. App. 217.

On April 25, 2018, Danner was charged with six counts of second-degree forgery. On June 27, Danner negotiated a guilty plea for eight years' probation, restitution, fines, fees, and costs. The conditions of her probation precluded her from committing a criminal offense punishable by imprisonment; drinking alcohol; using, selling, or possessing any controlled substance; or leaving the State of Arkansas without permission. The conditions obligated her to submit to any rehabilitative, medical, counseling, or psychiatric programs required by her probation officer; participate in Narcotics Anonymous or Alcoholics Anonymous as required; report to a day-reporting center and subject herself to programs as required; be truthful to Arkansas Community Corrections officers or staff; pay $35 supervision fee by the tenth day of each month; pay the restitution, costs, and/or fine in the amount of $825 in regular monthly payments of $100 beginning July 26, 2018; and pay $2200 (court cost of $150; fines of $1500; DNA fee of $250; public defender fee of $300) in regular monthly installments beginning July 26. Under "Special Conditions," Danner was required to pay all of her fees, fines, or restitution prior to release from supervision, and it was required that "[r]estitution must be paid first."

On October 18, 2021, the State moved to revoke Danner's probation. An attached violation report reflects that (1) Danner had tested positive for marijuana on June 28, August 27, and November 29, 2018; February 12, May 13, August 13, September 27, October 28, and December 31, 2019; October 5 and December 28, 2020; February 2, April 26, June 7, July 28, and September 29, 2021; (2) Danner failed to report to her probation officer as instructed on November 20 and 28, 2018, and September 22, 2021; (3) Danner was sanctioned for her positive drug tests and given a referral to Ouachita Behavioral Health ("OBH") on December 31, 2019, and April 26, 2021, and she failed to provide proof of attendance; (4) on October 28, 2019, and October 5, 2020, Danner was instructed to attend NA meetings and provide proof of attendance, and she had not; (5) Danner had not made any restitution payments, and she still owed $825; and (6) Danner was delinquent on her fines, and as of September 29, 2021, she owed $1990.

At the December 14 revocation hearing, Probation Officer Tiffani Childers testified to the facts as alleged by the State's petition, including that Danner tested positive for marijuana sixteen times before October 2021. She said that as of the hearing date, Danner owed $440 on restitution, with her last payment being made on November 15, 2021, after the revocation petition was filed, and that Danner still owed $1960 in fines. Childers said that Danner forgot about the restitution and had been making some fine payments. On cross-examination, she testified that she had received a letter from OBH on November 15, 2021, which states that Danner receives from it "consistent" medical, mental, emotional, and behavioral health treatment. The letter states that Danner completed her assessment

on July 15, 2021. Childers said that Danner received a medical-marijuana card in October 2021.

Danner testified that she was "positive" for marijuana since 2018 because she had "some issues with [her] depression, [her] PTSD, and other issues." She said that her son had been shot, her mother-in-law had died, and she had to "be in the community" with the people who killed her mother-in-law. She said that anytime she did not or could not report due to work, she called her probation officer to let her know ahead of time. She said that when she tested positive for drugs, she was told to go to OBH for treatment, and she identified the letter from OBH. She explained that she was delinquent on restitution because she had assumed the restitution was included with her fines and that her probation officer was strict about probation fees and fines. Restitution was not brought to her attention until her office visit on October 6, 2021, and she had paid on it since then and now owes $400. She apologized for what she did wrong, admitted that she had smoked marijuana sometimes before she got the medical-marijuana card, and said that she struggled with her finances.

The trial court ruled that Danner had violated her probation by smoking marijuana before she was in possession of the medical-marijuana card; failed to report to probation three different times; failed to provide proof of substance-abuse treatment after being sanctioned on September 29, 2021; and still owes $1960 in fines and costs. Danner was sentenced to ten years' imprisonment, and she filed a timely notice of appeal.

4

Danner argues that the trial court erred in each of its findings that she had willfully violated her probation. She contends that she admitted what she had been told by the probation officer—that she flunked the drug test. She asserts that the tests had been done with "cups" that are "drug screens" and "not actual drug tests" and that the "cups" are "quite often faulty." She argues that fundamental fairness dictates that the tests should be confirmed by actual drug testing. She contends, therefore, that her probation should not be revoked on testimony and without confirmation by scientific testing.

We hold that a positive drug test constitutes sufficient evidence of a violation. *See, e.g.*, *Sivils v. State*, 2021 Ark. App. 198, at 5, 623 S.W.3d 138, 141. Regardless, Danner admitted using marijuana and tried to justify her use by explaining that she used it to treat her issues with PTSD. She bolstered her defense by producing her medical-marijuana card, even though this card was obtained after sixteen positive drug tests. Because the State is only required to prove one violation of the terms and conditions of a defendant's probation in order to support a revocation, it is not necessary for us to consider Danner's other arguments regarding the trial court's findings that she violated the terms and conditions of her probation by failing to report, complete and provide proof of drug treatment, and make payments on restitution, fines, and fees. *See Lanfair v. State*, 2013 Ark. App. 51.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.