Cite as 2023 Ark. App. 361

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-22-810

| | |
|---|---|
| BRANDY L. HARDEN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 6, 2023<br><br>APPEAL FROM THE COLUMBIA COUNTY CIRCUIT COURT<br>[NO. 14CR-14-146]<br><br>HONORABLE DAVID W. TALLEY, JR., JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Chief Judge

In February 2016, Brandy Harden entered a negotiated guilty plea to committing first degree battery on 19 July 2014, a Class B felony with a maximum sentence of twenty years. Ark. Code Ann. §§ 5-13-201 (Supp. 2023), 5-4-401(a)(3) (Repl. 2013). He received 120 months' probation. He was ordered to pay restitution of $1,127.10 in monthly installments, along with some fees and court costs.

Harden avoided serious trouble, and paid down those obligations (while accruing others), for six years. In March 2022, police responded to a call to the residence he shared with Shardae Calton. The two had fought. Both were arrested for domestic battery. On 21 June 2022, the State filed a petition to revoke Harden's probation. The circuit court granted the petition after a hearing and sentenced Harden to ten years in the Arkansas Department of Correction, with ten more years suspended, plus fees and costs.

Harden appealed. His counsel has moved under *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) to withdraw without briefing an appeal because there is no issue of arguable merit. The clerk served Harden with his counsel's motion and brief, and Harden offered some possible issues himself. Ark. Sup. Ct. R. 4-3(b)(2). The State responded to the withdrawal motion and Harden's pro se points. *Id*. R. 4-3(b)(3). We have independently reviewed the record to confirm that counsel identified and addressed all adverse rulings, and we agree that an appeal would be "wholly frivolous."[1]

The State has a lighter burden in revocation proceedings than at a criminal trial. The burden of proof is lower, so evidence that would not sustain a conviction for an offense might sustain a finding in revocation proceedings that a probationer committed it. *Matney v. State*, 2022 Ark. App. 404, 654 S.W.3d 688. As always, the probationer is required to preserve error below to raise it here. *Bohanon v. State*, 2020 Ark. App. 22, at 5, 594 S.W.3d 92, 96. But the arsenal of objections in revocation proceedings is smaller, because the rules of evidence do not strictly apply. *Franklin v. State*, 2022 Ark. App. 418, at 3 (citing Ark. R. Evid. 1101(b)(3)). Proof of even one inexcusable violation of a condition will sustain a revocation. *Horton v. State*, 2018 Ark. App. 126. Even "de minimis violations" will do. *Ruffin v. State*, 2020 Ark. App. 179, at 5, 597 S.W.3d 151, 155.

The circuit court held a hearing on the petition in August 2022. The State gave unrebutted proof of some violations, like a positive THC test in April 2018 and admitted

---

[1]*E.g.*, *Bohanon v. State*, 2020 Ark. App. 22, at 3, 594 S.W.3d 92, 95. We do not require withdrawing counsel to brief whether imposing fees and court costs was appropriate. *See Stanley v. State*, 2023 Ark. App. 89, 661 S.W.3d 218; *id*. at 5, 661 S.W.3d at 221 (Harrison, C.J., dissenting).

alcohol use in December 2021. But the proof centered on an allegation that Harden had committed third-degree battery on 24 March 2023.

The State called Ms. Calton and Dustin Cloud, a patrol officer with the Magnolia Police Department who had responded to her 911 call around 1:45 that morning. Both testified that Ms. Calton told Officer Cloud at the scene that Harden had hit her, choked her to the point of almost passing out, and hit her with a "clothing iron." Officer Cloud observed, and Ms. Calton acknowledged, that she had cuts or marks on her face.

Ms. Calton testified that she was still in a relationship with Harden. She had told a prosecutor she wanted the charges dropped. And she explained away or minimized what she had told Officer Cloud the night of the incident. She and Harden had both been drinking, and it was a mutual fight: she was fighting him, he was fighting her. Harden grabbed her by the neck as "more of a grab-your-attention type of grab." He had not hit her with the clothing iron, as she had thought and as she had told Officer Cloud; the iron had fallen off the dresser during the tussle.

The circuit court found that what Ms. Calton had described was "at least a mutual fight" and found that Harden had committed third-degree battery. Among other violations that are not relevant to our disposition of this appeal, the court made two findings that are: Harden had committed the undisputed marijuana-use violation in April 2018 and alcohol-use violation in December 2021.

Now to the appellate proceedings, taking Harden's pro se points first. Except for a complaint that his sentence was harsher than he deserved, the issues he identifies could not be raised in this appeal because they were not raised or developed below. *See Jester v. State*,

2018 Ark. App. 558. Harden could appeal the sentencing point—his counsel argued for extending probation—but the circuit court's discretion to impose a revocation sentence within the original statutory limits is well settled. *Travis v. State*, 2023 Ark. App. 286, 668 S.W.3d 207. There would be no merit in an appeal of the circuit court's sentence on this record, where the prosecution noted Harden's "propensity for having fights and beating people up."

Now to the briefs. Harden's counsel argues there would not be merit in an appeal on this record because proof of just one violation is needed to sustain a revocation. Citing *Clark v. State*, 2019 Ark. App. 362, 584 S.W.3d 680, the State echoes that we should summarily affirm because the revocation was based on at least two findings Harden doesn't challenge—the April 2018 marijuana use and the December 2021 alcohol use. True enough, we have repeatedly held that if the circuit court bases its decision to revoke on multiple independent grounds, and the appellant fails to challenge any independent alternative basis for the judgment, we will affirm without addressing arguments targeted to the other grounds. *See id*. at 5, 584 S.W.3d at 683; *Williams v. State*, 2016 Ark. App. 601, 509 S.W.3d 677; *Barber v. State*, 2014 Ark. App. 311; *Morgan v. State*, 2012 Ark. App. 357. But none of those was an *Anders* appeal. This appeal is. At this stage, if Harden's counsel had left an independent ground for the revocation decision unaddressed in his no-merit brief, we would not affirm but would instead require him either to appeal from those grounds or demonstrate in a new no-merit brief why that appeal would be frivolous.

We think counsel are hitting around a slightly different point: It isn't that Harden *has not* appealed every ground for revocation but rather that he *cannot* appeal every ground

4

because he did not dispute some grounds below. If so, we agree. Keesha Humphrey, Harden's probation officer, testified without dispute or rebuttal that Harden had admitted using prohibited substances on at least two occasions. Harden offered no excuse for the violations, and we do not see any in the record. Because the circuit court chose to include them as findings in support of revocation, the decision to revoke was necessarily supported by sufficient evidence under our precedents. *See Stewart v. State*, 2018 Ark. App. 306, at 3–4, 550 S.W.3d 916, 918.

Affirmed; motion to withdraw granted.

ABRAMSON and VIRDEN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.