Cite as 2025 Ark. App. 25

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR–24–119

| | |
|---|---|
| RICHARD LEE BEAVERS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 22, 2025<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-16-694]<br><br>HONORABLE DAN RITCHEY, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

Richard Lee Beavers appeals from a judgment revoking the 120-month suspended sentence he received in August 2016 for possessing a firearm after a felony conviction, a Class B felony. Ark. Code Ann. § 5-73-103(a)(1) & (c)(1)(C) (Supp. 2023). His counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), citing overwhelming evidence that supports the circuit court's findings that Beavers violated the conditions of his suspended sentence, including by again possessing a firearm in August 2023, a new felony to which Beavers had since pleaded guilty. The State introduced the certified judgment of conviction from that case, as well as still images of Beavers retrieving a handgun from his pants in the back of a West Memphis Police Department patrol car after an August 25 arrest. He tried to hide the gun behind the driver's

seat. Beavers did not challenge testimony that he had paid nothing toward his court-imposed financial obligations or offer any excuse for not paying.

Beavers's counsel filed a brief in support of the motion that listed each ruling adverse to him on all objections, motions, and requests made by either party, as Rule 4-3(b) requires, and set out the evidence supporting each finding that Beavers violated a condition of his suspended sentence. Counsel also demonstrated that the revocation sentence was within the statutory range for Beavers's original offense. *Compare Norton v. State*, 2018 Ark. App. 370, 553 S.W.3d 765 (denying motion to withdraw and ordering adversary briefing where withdrawing counsel did not brief legality of sentence).

Counsel contends that the only other adverse ruling in the record—a ruling admitting testimony over Beavers's objection about a statement made by an alleged accomplice at the scene of a different alleged crime—could not ground a meritorious appeal. *See, e.g.*, *Ward v. State*, 2024 Ark. App. 379 (outlining withdrawing counsel's duties in a no-merit revocation appeal). Counsel is correct. Even if the evidentiary ruling was a reversible error, appealing it would be frivolous: unrelated violation findings Beavers did not contest would remain in place. *Harden v. State*, 2023 Ark. App. 361, 676 S.W.3d 4. Even one of the unrelated findings would sustain the decision to revoke his suspended sentence. *James v. State*, 2012 Ark. App. 429. The circuit court imposed a revocation sentence within the statutory range for Beavers's original offense, and less than the maximum sentence the State requested. The record demonstrates that Beavers continued to possess firearms despite a previous felon-in-possession conviction and an express prohibition in his conditions of suspended sentence. We could not second-guess the court's decision not to

grant his request to impose the minimum sentence. *Travis v. State*, 2023 Ark. App. 286, 668 S.W.3d 207. If there are degrees of hopelessness, an appeal here falls on the far side of that spectrum.

Affirmed; motion to withdraw granted.

KLAPPENBACH, C.J., and MURPHY, J., agree.

*S. Butler Bernard, Jr.*, for appellant.

One brief only.